UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yaghoub FATHI,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  26-cv-0621-AGS-DDL<br><br>**ORDER SCREENING PETITION AND REQUIRING RESPONSE** |

　　　　Petitioner Yaghoub Fathi seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　　On "December 11, 2024," petitioner, an "ethnic Kurd born in Iraq but a citizen of Iran," "crossed into the United States" and "was taken into [immigration] custody." (ECF 1, at 7.) He has been detained at the "Otay Mesa Detention Center" ever since. (*Id.*) His "asylum application" is pending, and he claims that, in the interim, his "over a year" of detention violates his "due process" rights." (*Id.* at 2, 9.)

　　　　Some courts have concluded that prolonged detention for "arriving aliens" under 8 U.S.C. § 1225(b) can violate due process, so this claim is not frivolous or incredible. *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due

1  process."). Thus, the government must respond. By **February 9, 2026**, respondents must
2  answer the petition. Petitioner may reply by **February 17, 2026**. The Court will hold oral
3  argument on **February 20, 2026**, at **2:00 p.m.**
4  Dated:  February 2, 2026

_____
Hon. Andrew G. Schopler
United States District Judge